# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON FEBRUARY 1999 SESSION

FILED

March 05, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

LISA AUSTIN,                )
                           )    SHELBY JUVENILE
    Plaintiff/Appellant    )
                           )
v.                         )    Appeal No. 02A01-9807-JV-00176
                           )
GREGORY GRAFLUND,          )
                           )
    Defendant/Appellee     )


## APPEAL FROM THE JUVENILE COURT OF SHELBY COUNTY
## AT MEMPHIS
## THE HONORABLE A.V. McDOWELL, SPECIAL JUDGE


**For the Appellant:**
Valerie T. Corder
212 Adams Avenue
Memphis, TN 38103

**For the Appellee:**
David E. Caywood
Stacy A. Ingle
100 North Main, #2400
Memphis, TN 38103


**AFFIRMED**

          **WILLIAM H. INMAN, Senior Judge**

**CONCUR:**

**W. FRANK CRAWFORD, JUDGE**

**DAVID R. FARMER, JUDGE**

The appellee sought a reduction in his child support obligation in accordance with the mandates of the Guidelines.

A modest reduction was granted.

This appeal resulted. Mother claims the trial Court heard no evidence, and would not allow her to testify or to offer proof.

The Father says, not so. His financial records were tendered to the Court without objection, and at no time did the appellant request to testify or offer proof.

There is no verbatim transcript. The Statement of the Evidence presented by the appellant was not approved by the Court, but is nonetheless included in the record on appeal.

The Statement of the Evidence presented by the appellee was approved by the Court.

In support of her insistence that she was repelled and disdained by the trial Court, the appellant refers to her unapproved, really disapproved, Statement of the Evidence, to which the appellee takes understandable umbrage. We are content to hold that the unapproved Statement of Evidence should not have been included in the record. See Rule 24, T.R.A.P. Consequently, we will not further notice it.

Our *de novo* review is made a little difficult because the appellant refers us to a Statement of the Evidence we cannot consider. The appellee refers us to an approved Statement of the Evidence, which recites that "no witnesses took the stand"; that, without objection, Mr. Graflund's 1997 income and projected income for 1998 were documented and considered by the court; that the amount of Mr. Graflund's monthly gross income was not disputed, which was $3,021.11, and that the child support was set at $581.00, plus the Clerk's fee, and this includes $91.00 for an upward deviation occasioned by Mr. Graflund's refusal to visit his child.

2

There is no evidence that the appellant was not allowed to testify or to offer proof. Conversely, the undisputed evidence is that the Court considered the documented income of the appellee for 1997 and projected for 1998 and fixed his obligation in accord with the Guidelines, having found that a significant variance, i.e., at least 15% existed. See, Tenn. Comp., R. & Regs., Ch. 1240-2-04-.02(3). We need not belabor the point. The appellant did not object to the procedures employed and made no effort to present evidence. The judgment is therefore affirmed at the costs of the appellant.

_____
William H. Inman, Senior Judge


CONCUR:


_____
W. Frank Crawford, Judge


_____
David R. Farmer, Judge